# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1973V
### Filed: June 17, 2025

|  |  |
|---|---|
| GENARINA DECASTRO, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner |

*Heather Marie Schneider, The Locks Law Firm, Philadelphia, PA, for petitioner.*
*Nina Ren, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 19, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  (ECF No. 1.)  Petitioner alleged that the Hepatitis B ("Hep B") vaccine she received on January 2, 2015, caused her to suffer "Bell's palsy and/or off-Table injuries, including but not limited to, idiopathic facial paralysis, [Ménière]'s disease, vertigo, inner ear pain, and intraocular pressure."  (*Id.*)  On February 16, 2024, the undersigned issued a decision denying entitlement to compensation for petitioner's injury.  (ECF No. 73.)  On September 16, 2024, petitioner filed a motion seeking an award of attorneys' fees and costs.[3]  (ECF No. 76.)  Petitioner seeks $61,391.44,

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] The motion was incorrectly filed as a motion for an award of "interim" attorneys' fees and costs; however, the motion itself does not indicate that only interim fees are requested.  Moreover, the motion

including $47,007.50 for attorneys' fees and $14,383.94 for litigation costs.[4]  (*Id.* at 1.)
Pursuant to General Order No. 9, petitioner's counsel certifies that petitioner has not
advanced any funds in the prosecution of her claim.  (ECF No. 76-1, p. 3.)  In response,
respondent defers to the undersigned with respect to whether the statutory
requirements for an award of attorneys' fees and costs have been met and, if so, further
requests that the undersigned exercise his discretion in determining what would
constitute a reasonable award for attorneys' fees and costs.  (ECF No. 77.)

　　　　For petitions filed in good faith and with a reasonable basis, the Vaccine Act
permits an award of reasonable attorneys' fees and costs.  § 300aa-15(e). Here,
especially in light of the lack of any objection by respondent, I conclude that this petition
was filed in good faith and with a reasonable basis.  Therefore, an award of fees and
costs is appropriate.  However, for the reasons discussed below, petitioner's motion for
attorneys' fees and costs is patently insufficient and the full amount requested cannot
be reasonably awarded. It is "well within the special master's discretion" to determine
the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517,
1520-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human
Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master
wide latitude in determining the reasonableness of both attorneys' fees and costs.").
Moreover, special masters can reduce a fee request *sua sponte*, without providing
petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human
Servs.*, 86 Fed. Cl. 201, 209 (2009).

　　　　Reasonable attorneys' fees are determined using the lodestar approach.  *Avera
v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1347 (Fed. Cir. 2008).  Thus,
applications for attorneys' fees must include contemporaneous and specific billing
records that indicate the work performed and the number of hours spent on said work.
*See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008).
Reasonable hourly rates are determined by looking at the "prevailing market rate" in the
relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).  The
"prevailing market rate" is akin to the rate "in the community for similar services by
lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895 n.11.
Petitioners bear the burden of providing adequate evidence to prove that the requested
hourly rate is reasonable.  *Id.* at 897.

---

was filed after the entry of judgment dismissing the case and, in any event, the time for filing a motion for
attorneys' fees and costs pursuant to Vaccine Rule 13 has now passed.  Accordingly, the instant motion
is treated as one requesting a final award of attorneys' fees and costs.

[4] In fact, the motion requests a lump sum of $58,366.44, amounting to $43,982.50 in attorneys' fees and
$14,383.94 in attorneys' costs.  (ECF No. 76, p. 1.)  However, Mr. Lindheim billed 50.8 hours at a rate of
$550 per hour which totals $27,940.00, rather than $24,915.00 as stated in the motion.  The correct total
for Mr. Lindheim's work on the case brings the requested attorneys' fee amount to $47,007.50.  Thus, the
actual request for attorneys' fees and costs is higher than what is stated in the motion.

Pursuant to Vaccine Rule 13(a)(1)[5], a motion for attorneys' fees and costs

must include any and all materials necessary to substantiate the request, including, but not limited to, the contents specified in the Second Supplement to Appendix B.  Failure to include complete documentation in support of the request may result in the denial, or reduction in amount, of any attorney's fees and costs award.

With regard to attorneys' fees, the Second Supplement to Appendix B requires that "[a] newly proposed hourly rate may be found reasonable where it is substantiated by an affidavit of the attorney which includes, but is not limited to, the years and breadth of experience of the attorney as a member of the bar."  Moreover, "the attorney must refrain from billing at hourly rates that have not previously been awarded.  Once a reasonable rate for a year has been established, it will not be increased during the same year."

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 76, pp. 2-11.)  Ms. Schneider billed at a rate of $350 per hour for work performed from 2020 through 2024; Mr. Lindheim billed at $550 per hour for work performed from 2016 through 2022; Mr. Burke billed at $325 per hour for work performed from 2017 through 2020.  These rates appear excessive.

Mr. Lindheim's request for an hourly rate of $550 per hour has previously been rejected.  *Halverson v. Sec'y of Health & Human Servs.*, No. 15-227V, 2021 WL 2768339, at *2-3 (Fed. Cl. Spec. Mstr. May 25, 2021) (noting that, in 2020, a rate of $550 per hour exceeded the highest hourly rate under the OSM fee schedule and awarding $382.50 for work performed in 2016 and 2017, $400 for work performed in 2018, $425 for work performed in 2019, and $445 for work performed in 2020); *see also Nocille v. Sec'y of Health & Human Servs.*, No. 19-0810V, 2022 WL 2827482, at *2 (Fed. Cl. Spec. Mstr. June 16, 2022) (additionally awarding $465 per hour for work performed in 2021); *Vanderpoel v. Sec'y of Health & Human Servs.*, No. 15-899V, 2017 WL 2534327, at *2 (Fed. Cl. Spec. Mstr. May 16, 2017).  Mr. Burke has previously been awarded $200 per hour for work performed in 2018, $230 per hour for work performed in 2019, $260 per hour for work performed in 2020, and $275 per hour for work performed in 2021.  *Nocille*, 2022 WL 2827482, at *2.  The undersigned has not located any prior decision setting an hourly rate for Ms. Schneider.

Although petitioner's motion includes an affidavit by Ms. Schneider averring that the requested rates are counsel's customary hourly rates, these assertions are not supported by any description of counsel's "years and breadth of experience."  Moreover, counsel's billing records frustrate the court's review.  Despite prior decisions awarding different rates for different years to the counsel participating in this case, the instant billing records seek to be reimbursed for a single, clearly excessive rate, for all years

[5] Vaccine Rule 13 was most recently amended as of July 31, 2023.  The instant motion was filed September 16, 2024.  Accordingly, there is no question that the current requirements of Rule 13 apply to the instant motion.

3

and do not include separate hour tallies for each year.  This leaves it impossible to apply reasonable yearly rate increases on the face of the motion.

Special masters need not address attorneys' fees on a line-by-line basis. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  The goal is only to do "rough justice."  *E.g.*, *Florence v. Sec'y of Health & Human Servs.*, No.15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  Mr. Lindheim's request for $550 per hour for all work performed between 2016 and 2022 overstates his reasonable rate (as found in prior decisions) by about $133 per hour on average.  Accordingly, for purposes of this motion, Mr. Lindheim's 50.8 hours of work will be reimbursed at a rate of $417 per hour, resulting in a reduction of $6,773.16.  Similarly, Mr. Burke's requested rate of $325 per hour for all work performed from 2017 through 2020 overstates his reasonable rate (as found in decisions addressing 2018-2020) by an average of about $95 per hour.  Accordingly, for purposes of this motion, his 15.7 hours of work will be reimbursed at a rate of $230 per hour, resulting in a reduction of $1,491.50.  Absent any information whatsoever about Ms. Schneider's legal experience, as would be needed to set an appropriate hourly rate, the lowest available attorney rate on the OSM hourly rate fee schedule averaged $185 for the years 2020 through 2024.  Applying this rate to Ms. Schneider's 40.9 hours of work performed in this case results in a reduction of $6,398.50.  Thus, the total amount of attorneys' fees is reduced from $47,007.50 to $32,334.34.[6]

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable*.  Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992).  Regarding costs, Vaccine Rule 13 and the corresponding Second Supplement to Appendix B require for each cost requested submission of supporting documentation "in the form of invoices, receipts, account statements, or any other document petitioner reasonably believes will fully substantiate the requested cost."  Further, a request for expert costs requires contemporaneous time sheets showing hours billed at a specific proposed hourly rate and any other information necessary to substantiate the reasonableness of the requested expert costs.

Petitioner has provided an itemized list, showing $10,475.00 in expert costs attributable to Dr. Patel's work in this case (he prepared two reports), $1,000.00 in expert costs for Alan Silverberg (who did not opine in this case), $7.02 for "IOD Incorporation," and $2,901.92 for medical records from Cooper University Health

---

[6] The undersigned notes that effort was undertaken to mitigate the reductions needed in this case to bring the requested rates down to something that could be considered reasonable.  However, now that counsel is indisputably on notice regarding the insufficiency of their motion practice regarding fees and costs, such effort will not be undertaken again.  In the future, if counsel again seeks to apply a single excessive rate across all years of work and fails to differentiate billing totals by year, the undersigned will apply the lowest implicated hourly rate to all work performed.  In this case, that means that Mr. Lindheim's work would have been reimbursed at a rate of $382.50 per hour for all years, Mr. Burke's work at a rate of $200 per hour for all years, and Ms. Schneiderman's work at a rate of $169 per hour for all years, which would result in a steeper reduction than was done in this instance.

4

System spread over 22 different invoices.  Despite providing this itemized list, petitioner did not file any of the supporting documentation.  In particular, petitioner did not file any billing records from her expert, Dr. Patel.  This counsels a complete denial of any award for costs.

However, there is no dispute that Dr. Patel completed work on this case and, as with attorneys' fees, costs associated with expert work in this program are assessed using the lodestar method.  *E.g.*, *Hickey v. Sec'y of Health & Human Servs.*, No. 21-444V, 2025 WL 411843, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2025).  According to his report, Dr. Patel has 18 years of experience as a clinical pharmacist.  (ECF No. 44-1.)  In a prior case, a special master determined that a reasonable hourly rate for a pharmacist is $125 per hour.  *McGuire v. Sec'y of Health & Human Servs.*, No. 10-609V, 2016 WL 7228857, at *5 (Fed. Cl. Spec. Mstr. Nov. 18, 2016).  Although Dr. Patel's reports were prepared more recently, petitioner's motion lacks any information regarding the rate that Dr. Patel sought to charge and has not sought to substantiate the appropriate rate for a pharmacist more generally.  Each of Dr. Patel's two reports was three pages.  (ECF Nos. 44-1, 48-16.)  However, as noted in the decision dismissing this case, Dr. Patel's two reports were largely redundant.  (ECF No. 73, p. 20.)  In at least one prior case, a special master was found not to have abused her discretion in reducing the hours billed for a single 8-page expert report from 18 to 12 hours.  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 798 (2010).  Absent an invoice from Dr. Patel, this is a reasonable point of comparison.[7]  Given this, the undersigned is able to conclude via application of the lodestar methodology that petitioner's counsel can reasonably be reimbursed $1,500.00 (12 hours multiplied by $125 per hour) for Dr. Patel's work in this case, notwithstanding the absence of any invoice.[8]

Absent the underlying invoices, the undersigned has no ability to confirm the reasonableness of the remaining costs.  Accordingly, these costs are not awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $33,844.34, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Heather Schneider's IOLTA account for prompt disbursement.**

---

[7] In *Gruber*, the expert's 8-page report included significant portions that were either pro forma or had been drafted by counsel.  91 Fed. Cl. at 796.  Here, Dr. Patel produced a total of 6-pages over two reports; however, as noted above, his second report largely copied and pasted his first report.

[8] As with attorneys' fees (*see* n. 6, *supra*), the undersigned will not in future instances engage in extraneous effort seeking to reconstruct in the absence of an invoice what reasonable expert costs would be.

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.